**EXHIBIT  A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PRONAI THERAPEUTICS, INC., NICK GLOVER, SUKHI JAGPAL,
[Additional Parties Attachment Form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TIMOTHY GALLAS, individually and on behalf of all others similarly
situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
**SAN MATEO COUNTY**

FEB - 9 2017

Clerk of the Superior Court
By NIMA MOKHTARANI
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER:**
*(Número del Caso):*

**17 C I V 00595**

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of San Mateo
400 County Center, Fourth Floor, Redwood City, California 94063-1655

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

BOTTINI & BOTTINI, INC., 7817 Ivanhoe Avenue, Suite 102, La Jolla, California 92037

**DATE:**
*(Fecha)*

FEB - 9 2017

Clerk, by **RODINA M. CATALANO** , Deputy
*(Secretario)*                    *(Adjunto)*

NIMA MOKHTARANI

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Ex. A, Page 0012

**SUM-200(A)**

| SHORT TITLE:<br>Gallas v. ProNAi Therapeutics, Inc., et al. | CASE NUMBER:<br>17CIV00595 |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

DONALD PARFET, ALBERT CHA, NICOLE ONETTO, ROBERT PELZER, PETER THOMPSON, JAMES TOPPER, ALVIN VITANGCOL, JEFFERIES LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, WEDBUSH SECURITIES INC., and SUNTRUST ROBINSON HUMPHREY, INC.

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Ex. A, Page 0013

1   BOTTINI & BOTTINI, INC.
    Francis A. Bottini, Jr. (SBN 175783)
2   Albert Y. Chang (SBN 296065)
    Yury A. Kolesnikov (SBN 271173)
3   7817 Ivanhoe Avenue, Suite 102
    La Jolla, California 92037
4   Telephone:    (858) 914-2001
    Facsimile:    (858) 914-2002
5   Email:        fbottini@bottinilaw.com
6                 achang@bottinilaw.com
                  ykolesnikov@bottinilaw.com
7

**ENDORSED FILED**
**SAN MATEO COUNTY**

FEB. - 9 2017

Clerk of the Superior Court
By____NIMA MOKHTABANI____
DEPUTY CLERK

8   *Attorneys for Plaintiff*

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN MATEO

11  TIMOTHY GALLAS, individually and      )   Case No. __17CIV00595__
    on behalf of all others similarly     )
12  situated,                             )   Class Action
                                          )
13                         Plaintiff,     )   **COMPLAINT FOR VIOLATIONS**
                                          )   **OF SECTIONS 11 AND 15 OF THE**
14           vs.                          )   **SECURITIES ACT OF 1933**
                                          )
15  PRONAI THERAPEUTICS, INC.,            )   **DEMAND FOR JURY TRIAL**
    NICK GLOVER, SUKHI JAGPAL,            )
16  DONALD PARFET, ALBERT CHA,            )
    NICOLE ONETTO, ROBERT PELZER,         )        **BY FAX**
17  PETER THOMPSON, JAMES                 )
    TOPPER, ALVIN VITANGCOL,              )
18  JEFFERIES LLC, MERRILL LYNCH,         )
    PIERCE, FENNER & SMITH                )
19  INCORPORATED, WEDBUSH                 )
    SECURITIES INC., and SUNTRUST         )
20  ROBINSON HUMPHREY, INC.,              )
                                          )
21                         Defendants.    )

22

23

24

25

26

27

28

                    Complaint; Demand for Jury Trial

Plaintiff Timothy Gallas ("Plaintiff") alleges the following based upon the investigation of Plaintiff's counsel, which included a review and analysis of (a) United States Securities and Exchange Commission ("SEC") filings by defendant ProNAi Therapeutics, Inc. ("ProNAi"), as well as other regulatory filings and reports; (b) securities analysts' reports and advisories about ProNAi; (c) press releases and other public statements issued by ProNAi; and (d) media reports about ProNAi. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I.    NATURE OF THE ACTION

1.    Plaintiff brings this class action under the Securities Act of 1933 ("1933 Act"), asserting claims against ProNAi, certain of its officers and directors, and certain underwriters for its July 15, 2015 initial public offering (the "IPO"). Plaintiff seeks to represent all persons who purchased ProNAi common stock in or traceable to ProNAi's false and misleading registration statement and prospectus (collectively, the "Registration Statement")[1] issued in connection with the IPO.

2.    ProNAi is a clinical-stage oncology company that claims to be developing a novel class of therapeutics based on its purportedly proprietary DNA-interference ("DNAi") technology platform. At the time of the IPO, ProNAi had only one product candidate, PNT2258, which was purportedly designed to target cancers that overexpressed B-cell lymphoma 2 ("BCL2").

3.    Claiming that BCL2 is expressed in "more than 60% of all new cases across the top 10 most commonly diagnosed cancers in the United States," ProNAi touted the potential importance of PNT2258's successful development. In the Registration Statement, ProNAi announced its plan to (a) "broadly develop and commercialize PNT2258 in oncology indications with high unmet medical needs"; and (b) "deliver extraordinary therapeutic outcomes that [would] dramatically

---

[1] ProNAi's registration statement (Form S-1) was initially filed with the SEC on June 12, 2015 and was amended twice (Forms S-1/A) on July 6, 2015 and July 15, 2015. On July 16, 2015, ProNai filed with the SEC a prospectus (Form 424B4).

1    change patients' lives."

2        4.      ProNAi also touted the advance stage and positive results in PNT2258's

3    development. ProNAi stated in the Registration Statement that:

4                  (a)     PNT2258 was first submitted to the United States Food and

5                Drug Administration ("FDA") for approval in 2008; and

6                  (b)     PNT2258 had "completed Phase 1 and Phase 2 trials" as of July

7                2015;[2] and

8                  (c)     PNT2258 was "currently being investigated in a Phase 2 trial."

9    Specifically, in December 2014—seven months before the IPO—ProNAi had initiated

10    the Wolverine study (as part of a Phase 2 trial), which was to be immediately

11    followed by the Brighton study beginning in mid-2015. ProNAi reported positive

12    results from the Wolverine study:

13                In a recent single-agent Phase 2 trial of 13 patients with
relapsed or refractory non-Hodgkin's lymphoma (NHL),
14                *PNT2258 demonstrated evidence of anti-tumor activity*, with
*11 patients achieving a complete response (CR), partial*
15                *response (PR) or stable disease (SD)*. Furthermore, *all four of
the diffuse large B-cell lymphoma (DLBCL) patients treated*
16                *in this trial experienced a clinical response, including three
CRs and one PR*, with reported durations on study in the
17                range of nine to more than 20 months.[3]

18    Based on these results, ProNAi announced a plan to expedite the clinical

19    development and FDA approval of PNT2258.

20        5.      Citing the "evidence of efficacy and tolerability" from the Wolverine

21    study, ProNAi claimed in the Registration Statement that PNT2258 had the

22    potential to "change treatment paradigms" and presented a "significant opportunity"

23    for development "across a wide range of oncology indications."

24        6.      Based on the glowing reports from the Phase 2 trial in the Registration

25    Statement, ProNAi sold 9,315,000 shares of common stock at $17 per share in the

26        [2] The FDA requires three phases of testing before approving a new drug. *See*
27    THE FDA'S DRUG REVIEW PROCESS: ENSURING DRUGS ARE SAFE AND EFFECTIVE,
STAGES OF DRUG DEVELOPMENT AND REVIEW, *available at* http://www.fda.gov/drugs/
resourcesforyou/consumers/ucm143534.htm (last visited Feb. 3, 2017).

28        [3] All emphases are added unless otherwise noted.

Ex. A, Page 0016

1    IPO and received gross proceeds of approximately $158.4 million.

2         7.    PNT2258, however, falls far short of the promising "significant

3    opportunity" ProNAi touted in the Registration Statement. On June 6, 2016—less

4    than eleven months after the IPO—ProNAi announced its intention to suspend

5    development of PNT2258, citing poor efficacy data from the Phase 2 trial—an about-

6    face from ProNAi's glowing reports of "efficacy and tolerability" in the Registration

7    Statement:

8              Although we observed *modest efficacy* from PNT2258 in this
               interim analysis of Wolverine, *we do not view these results as*
9              *robust enough to justify continued development of the drug in*
               *DLBCL.* We have decided to suspend development of
10             PNT2258 pending further review of these data in order to
               determine next steps for both this asset and the DNAi
11             platform[.]

12        8.    On this announcement, ProNAi's stock price declined $4.31 per share

13   (67.5%) to close at $2.07 per share on June 6, 2016.

14        9.    ProNAi's Registration Statement was materially false and misleading

15   regarding ProNAi's business, operations, and prospects because ProNAi failed to

16   disclose: (a) that PNT2258 was only modestly effective in treating BCL2; and (b)

17   FDA approval of PNT2258 would be unlikely.

18        10.   As a result of these false and misleading statements, Plaintiff and other

19   members of the class who purchased ProNAi stock have been damaged.

20        11.   By issuing the false and misleading Registration Statement, and by

21   participating in the process that allowed the IPO to be successfully completed,

22   defendants violated Sections 11 and 15 of the 1933 Act and are thus liable to

23   Plaintiff and other members of the class for damages they suffered as a result of

24   their purchases of ProNAi common stock.

25   ///

26   ///

27   ///

28   ///

Complaint; Demand for Jury Trial

## II.    JURISDICTION AND VENUE

12.    This Court has original subject-matter jurisdiction under the California Constitution, Article VI, § 10. The amount in controversy exceeds $25,000. Removal of this action is barred by Section 22 of the 1933 Act, 15 U.S.C. § 77v.

13.    This Court possesses personal jurisdiction over each defendant because (a) defendants and their agents affirmatively solicited the subject securities and registration statement to investors in California; and (b) defendants have sufficient contacts with California, or have otherwise purposefully availed themselves of benefits from California or have property in California so as to render the exercise of jurisdiction over each by California courts consistent with traditional notions of fair play and substantial justice.

14.    Venue is proper in the County of San Mateo under Section 395 of the California Code of Civil Procedure because (a) the wrongful acts and harm complained of herein occurred in or was directed from this County; and (b) ProNAi's United States corporate headquarters are located in this County.

## III.    PARTIES

**A.    Plaintiff**

15.    Plaintiff Timothy Gallas purchased ProNai common stock pursuant or traceable to the IPO and was damaged thereby.

**B.    Defendants**

**(1)    ProNAi**

16.    Defendant ProNAi Therapeutics, Inc. is a Delaware corporation with corporate headquarters in both Canada and the United States. ProNAi's United States headquarters are located at 1000 Marina Boulevard, Suite 450, Brisbane, California 94005. At the time of the IPO, ProNAi common stock was traded on the NASDAQ under the symbol "DNAI."[4]

---

[4] As of January 10, 2017, ProNAi changed its name to Sierra Oncology, Inc., whose "shares [would] trade on the NASDAQ under the symbol 'SRRA'."

4

Ex. A, Page 0018

**(2)    The Individual Defendants**

17.    Defendant Nick Glover ("Glover") was the president, chief executive officer ("CEO"), and a director of ProNAi. Glover signed the Registration Statement and participated in soliciting the public to purchase ProNAi common stock.

18.    Defendant Sukhi Jagpal ("Jagpal") was the chief financial officer ("CFO") of ProNAi. Jagpal signed the Registration Statement and participated in soliciting the public to purchase ProNAi common stock.

19.    Defendant Donald Parfet ("Parfet") was the chairman of the board of directors (the "Board") of ProNAi. Parfet signed the Registration Statement and participated in soliciting the public to purchase ProNAi common stock.

20.    Defendant Albert Cha ("Cha") was a director of ProNAi. Cha signed the Registration Statement and participated in soliciting the public to purchase ProNAi common stock.

21.    Defendant Nicole Onetto ("Onetto") was a director of ProNAi. Onetto signed the Registration Statement and participated in soliciting the public to purchase ProNAi common stock.

22.    Defendant Robert Pelzer ("Pelzer") was a director of ProNAi. Pelzer signed the Registration Statement and participated in soliciting the public to purchase ProNAi common stock.

23.    Defendant Peter Thompson ("Thompson") was a director of ProNAi. Thompson signed the Registration Statement and participated in soliciting the public to purchase ProNAi common stock.

24.    Defendant James Topper ("Topper") was a director of ProNAi. Topper signed the Registration Statement and participated in soliciting the public to purchase ProNAi common stock.

25.    Defendant Alvin Vitangcol ("Vitangcol") was a director of ProNAi. Vitangcol signed the Registration Statement and participated in soliciting the public to purchase ProNAi common stock.

5

Complaint; Demand for Jury Trial

26.  Glover, Jagpal, Parfet, Onetto, Pelzer, Thompson, Topper, and Vitangcol are collectively referred to as the "Individual Defendants."

(3)  **The Underwriter Defendants**

27.  Defendant Jefferies LLC ("Jefferies") served as an underwriter for the IPO. As an underwriter, Jefferies helped draft and disseminate the Registration Statement and solicit investors to purchase ProNai common stock issued pursuant thereto. Jefferies maintains offices in Foster City and San Francisco, California.

28.  Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") served as an underwriter for ProNAi's IPO. As an underwriter, Merrill Lynch helped draft and disseminate the Registration Statement and solicit investors to purchase ProNai common stock issued pursuant thereto. Merrill Lynch maintains corporate headquarters in multiple cities in California, including Palo Alto, San Francisco, City of Industry, Los Angeles, and San Diego.

29.  Defendant Wedbush Securities Inc. ("Wedbush") served as an underwriter for ProNAi's IPO. As an underwriter, Wedbush helped draft and disseminate the Registration Statement and solicit investors to purchase ProNAi common stock issued pursuant thereto. Headquartered in Los Angeles, California, Wedbush maintains offices in 25 other cities in California, including San Francisco.

30.  Defendant SunTrust Robinson Humphrey, Inc. ("SunTrust") served as an underwriter for ProNAi's IPO. As an underwriter, SunTrust helped draft and disseminate the Registration Statement and solicit investors to purchase ProNai common stock issued pursuant thereto. SunTrust maintains offices in San Francisco and Los Angeles, California.

31.  Defendants Jefferies, Merrill Lynch, Wedbush, and Sun Trust are collectively referred to hereinafter as the "Underwriter Defendants." The Underwriter Defendants received commissions for their participation in the IPO.

///

///

Complaint; Demand for Jury Trial

Ex. A, Page 0020

# IV.    SUBSTANTIVE ALLEGATIONS

## A.    ProNAi's Sole Lead Product—PNT2258

32.    Founded in 2003, ProNAi is a clinical-stage oncology company. At the time of the IPO, ProNAi's sole product candidate PNT2258, a DNAi oligonucleotide (a short nucleic-acid chain) that, according to ProNAi, targets and interferes with BCL2, an oncogene[5] known to be dysregulated[6] in many types of cancer. Due to this dysregulation, cancer cells avoid cell death by disrupting a naturally-occurring process known as apoptosis—a primary mechanism for the removal of aged, damaged, or unnecessary cells—through which cells die. According to ProNAi, PNT2258 targets a specific regulatory region associated with the BCL2 oncogene, interfering with its transcription. The interference would, in turn, result in a restoration of apoptotic processes leading to the death of cancer cells.

## B.    ProNAi's False and Misleading Registration Statement

33.    In connection with the IPO, ProNAi touted PNT2258's efficacy and ProNAi's business prospects.

34.    Specifically, ProNAi cited the "preliminary evidence" from its recent Phase 2 trial, in which 11 of the 13 participating patients achieved a complete or partial response of anti-tumor activity to PNT2258:

> Our lead DNAi product candidate, PNT2258, targets BCL2, a widely overexpressed oncogene that is an important gatekeeper of the programmed cell death process known as apoptosis and has been linked to many forms of cancer. *In a recent single-agent Phase 2 trial of 13 patients* with relapsed or refractory non-Hodgkin's lymphoma (NHL), *PNT2258 demonstrated evidence of anti-tumor activity, with 11 patients achieving a complete response (CR), partial response (PR) or stable disease (SD)*. Furthermore, *all four of the diffuse large B-cell lymphoma (DLBCL) patients treated in this trial experienced a clinical response, including three CRs and one PR*, with reported durations on study in the range of nine to more than 20 months.

///

---

[5] A gene having the potential to cause a normal cell to become cancerous.

[6] Dysregulation is an impairment of a physiological regulatory mechanism (as that governing metabolism, immune response, or organ function).

7

Ex. A, Page 0021

35.    Touting such "preliminary evidence of efficacy analysis" and the "safety and tolerability data collected to date," ProNAi stated its plan to "pursue a broad registration-oriented clinical development program," because PNT "has the potential to change treatment paradigms across a wide range of oncology indications":

> Although PNT2258 is in early stages of development and these trials were not statistically powered for a formal efficacy analysis, *we believe the preliminary evidence of efficacy observed in this trial, coupled with safety and tolerability data collected to date, suggest that PNT2258 has the potential to change treatment paradigms across a wide range of oncology indications.* Accordingly, we plan to pursue a broad registration-oriented clinical development program, initially in hematologic malignancies, that we anticipate will provide the foundation of a global registration strategy for PNT2258.

36.    ProNAi set forth in the Registration Statement a year-long plan to develop PNT2258 through the Phase 2 trial, including the Brighton study, which was set to begin in mid-2015 immediately following Wolverine:

> In December 2014, we initiated "Wolverine," an open-label 60 patient Phase 2 trial evaluating PNT2258 for the treatment of third-line relapsed or refractory DLBCL. DLBCL is the most prevalent form of NHL, comprising approximately 30% of the annual NHL diagnoses in the United States according to a 2013 report by the Leukemia & Lymphoma Society. *By mid-2015, we plan to initiate "Brighton," an open-label 50 patient Phase 2 trial evaluating PNT2258 for the treatment of Richter's transformed chronic lymphocytic leukemia (Richter's CLL).* Richter's CLL is a rare and aggressive form of NHL with no currently approved therapies. We plan to initiate three additional trials in 2016: in the first quarter, a Phase 2 trial of PNT2258 in combination with a therapeutic agent or treatment regimen; in the second quarter, a single-agent Phase 2 trial evaluating PNT2258's potential in other hematological malignancies, such as acute myeloid leukemia, acute lymphoblastic leukemia and multiple myeloma; and in the third quarter, a second Phase 2 combination trial. *If the efficacy data obtained in some or all of these trials are highly compelling, we plan to discuss accelerated registration paths and other regulatory designations with regulatory agencies. As appropriate, we may apply for orphan drug, breakthrough therapy, fast track or other regulatory designations in the future;* however, we cannot assure you that regulatory agencies will grant PNT2258 these designations.
>
> The table below summarizes the current development of our programs and anticipated milestones.

8

Complaint; Demand for Jury Trial

| Trial | Regimen | Indication | Status/Milestones |
|-------|---------|------------|-------------------|
| Wolverine | PNT2258 | R/R* Third-Line DLBCL | Phase 2 Trial Ongoing (First Patient Enrolled Dec 2014) |
| Brighton | PNT2258 | Richter's CLL | Initiate Phase 2 Trial Mid-2015 |
| Combination Trial #1 | PNT2258 + Other Anti-cancer Drug(s) | R/R* Second-Line DLBCL | Initiate Phase 2 Trial First Quarter of 2016 |
| Single-Agent Trial | PNT2258 | Hematologic Malignancies | Initiate Phase 2 Trial Second Quarter of 2016 |
| Combination Trial #2 | PNT2258 + Other Anti-cancer Drug(s) | Other DLBCL | Initiate Phase 2 Trial Third Quarter of 2016 |

*R/R denotes relapsed or refractory.

37.    ProNai further stated that the development and commercialization of PNT2258 would "deliver extraordinary therapeutic outcomes that dramatically change patients' lives":

> Our vision is to be the leader in developing and commercializing a portfolio of DNAi-based therapies to *deliver extraordinary therapeutic outcomes that dramatically change patients' lives. We are at the forefront of DNAi-based therapies, as we believe that PNT2258 is the only product candidate in clinical testing using this novel approach.* In the near term, we plan to broadly develop and commercialize PNT2258 in oncology indications with high unmet medical needs.

38.    In addition to branding itself as a pioneer "at the forefront of DNAi-based therapies," ProNAi claimed the long-term goal of "commercializ[ing] additional DNAi-based therapies with the potential to impact medical paradigms in oncology and other major diseases."

39.    With respect to business strategy, ProNAi claimed to be "pursuing a multi-faceted clinical development strategy that is designed to efficiently achieve regulatory approval and maximize the commercial opportunity of PNT2258." ProNAi further set forth the following three specific steps in developing PNT2258:

> • ***Expedite the Clinical Development and Regulatory Approval of PNT2258.*** We plan to advance our lead product candidate, PNT2258, initially in DLBCL and

9

Complaint; Demand for Jury Trial

Richter's CLL and may pursue accelerated registration paths and other regulatory designations if data are compelling. In December 2014, we initiated Wolverine, a Phase 2 trial for the treatment of third-line relapsed or refractory DLBCL, and by mid-2015, we plan to initiate Brighton, a Phase 2 trial for the treatment of Richter's CLL.

• ***Pursue a Multi-Faceted Development Strategy for PNT2258 Across Many Oncology Indications.*** In addition to Wolverine and Brighton, we intend to expand the commercial market opportunity for PNT2258 by developing it for the treatment of a wide variety of BCL2-driven tumors, including other hematologic malignancies, such as leukemias and myelomas, as monotherapy and in combination with other therapeutic agents or treatment regimens. BCL2 overexpression has also been implicated as a driver of a wide variety of solid tumors, including breast, prostate and lung, which could provide additional future development opportunities for PNT2258.

• ***Maximize the Global Commercial Value of PNT2258.*** We have retained all commercial rights to PNT2258 and future DNAi product candidates. As we further develop PNT2258, we plan to build a commercial infrastructure to directly market in North America and possibly other major geographies that are core to our commercial strategy. We plan to enter into collaborations for the development, marketing and commercialization of PNT2258 in additional geographies at an appropriate time. We also plan to invest in scaling our manufacturing capacity to support our global commercial strategy.[7]

40.    To boost investor confidence, ProNAi touted the credentials of its management team and its financial position:

We have assembled an *experienced and talented group of stakeholders to execute on our vision*. Our management team is led by Dr. Nick Glover, President and Chief Executive Officer, Dr. Angie You, Chief Business and Strategy Officer and Head of Commercial, and Dr. Barbara Klencke, Chief Development Officer. Dr. Glover, the former President and Chief Executive Officer of YM Biosciences Inc., and Dr. You, the former Chief Business Officer of Aragon Pharmaceuticals, Inc., joined our company in the third quarter of 2014, and Dr. Klencke, the former Senior Vice President, Development of Onyx Pharmaceuticals Inc., joined our company in the second quarter of 2015. *We completed a $59.5 million private financing in April 2014 led by a well-established group of institutional healthcare investors*, including Vivo Capital, Frazier Healthcare Ventures, OrbiMed Advisors, RA Capital, Caxton Alternative Management, Sectoral Asset Management, Janus Capital Management, Adams Street Partners and

---

[7] Bolded texts are in original.

Complaint; Demand for Jury Trial

Ex. A, Page 0024

Hopen Life Science Ventures. Existing investors also include Apjohn Ventures Fund and Capital Midwest Fund.

As of March 31, 2015, we had cash, cash equivalents and short-term investments of $34.1 million. Although it is difficult to predict, *we believe that these funds, together with the proceeds from this offering, will be sufficient to fund our current operating plans through at least the next 18 months, which we believe will allow us to achieve clinical read-outs for the Wolverine and Brighton Phase 2 trials*. We anticipate that we will need additional funding for the completion of these and our other planned clinical trials.

**C.    The July 15, 2015 IPO**

41.    As stated in the Registration Statement, ProNAi offered 8,100,000 shares of common stock (plus 1,215,000 shares in over-allotment options to the underwriters) in the IPO at $17.00 per share on July 15, 2015.

42.    On July 21, 2015, ProNAi announced the closing of its IPO, having sold a total of 9,315,000 shares of its common stock (including 1,215,000 over-allotment option shares) at the public offering price of $17.00 per share.

43.    The gross proceeds from the IPO amounted to $158.4 million.

**D.    The June 6, 2016 Revelation of the Truth Regarding PNT2258**

44.    On June 6, 2016, ProNAi issued a press release entitled "ProNAi Reports Interim Data from Wolverine Phase 2 Trial of PNT2258 in DLBCL," announcing poor efficacy data from the Phase 2 trial of PNT2258 and the suspension of any further development.

45.    Specifically, ProNAi stated that, contrary to the July 15, 2015 disclosure of the efficacy of the Wolverine study, four of the five patients participating in the Brighton study had discontinued treatment, and that the remaining patient did not respond to two cycles of treatment.

46.    In a drastic departure from the glowing reports in the Registration Statement, the Brighton study reported no patient responses to treatment and prompted ProNAi to "close the Wolverine and Brighton studies":

Wolverine is a multicenter Phase 2 study designed to evaluate the safety and efficacy of PNT2258 monotherapy in 61 response evaluable r/r DLBCL subjects and to explore the correlation between various baseline patient characteristics,

11

Complaint; Demand for Jury Trial

including biomarkers, and response rate.

Interim safety and efficacy data as of April 25, 2016 are reported for the first 37 subjects enrolled. *PNT2258 showed single-agent activity in r/r DLBCL subjects with a response rate of 8.1% overall (n = 37) and 15.8% in the response evaluable subgroup (n = 19),* defined as subjects meeting the amended eligibility criteria of a performance status (PS) of 0-1, exposure to 1-3 prior systemic regimens and having received at least eight doses of PNT2258 within 35 days of starting therapy. *No responses were observed in the 10 subjects with a PS of 2 and/or > 4 prior lines of therapy enrolled prior to the amendment, nor to date in the eight additional subjects enrolled subsequent to the data cutoff date for this interim analysis.*

*PNT2258 is also being evaluated in patients with Richter's Transformation in the Brighton study, a multi-center, single-arm Phase 2 trial. To date, five subjects have been enrolled in this study, of which four have discontinued. The other subject has completed two cycles of treatment. No responses have been observed to date.*

"We designed and conducted a robust, well-executed set of experiments, both clinical and preclinical, in order to further our understanding of the PNT2258 asset and the underlying DNAi technology. *Unfortunately, advanced DLBCL and Richter's Transformation are challenging diseases to treat, and PNT2258 did not markedly improve outcomes in these indications,*" said Dr. Barbara Klencke, Chief Development Officer of ProNAi. "*On the basis of these interim assessments, we have decided to close the Wolverine and Brighton studies to further enrollment of new subjects.* On behalf of ProNAi, we would like to thank the patients and their families, investigators and staff involved in these studies for their participation and support."

47.    In addition, ProNAi announced that, given the poor efficacy result, it "decided to suspend development of PNT2258":

Although we observed modest efficacy from PNT2258 in this interim analysis of Wolverine, *we do not view these results as robust enough to justify continued development of the drug in DLBCL. We have decided to suspend development of PNT2258 pending further review of these data in order to determine next steps for both this asset and the DNAi platform,*" said Dr. Nick Glover, President and CEO of ProNAi.

48.    On August 12, 2016, ProNAi announced its decision to close its research facility for PNT2258 and effectively abandon what it touted in the Registration Statement as a promising "significant opportunity" just 13 months ago:

[N]o further investment in PNT2258 or the underlying DNAi

12

Complaint; Demand for Jury Trial

platform by ProNAi is contemplated and *the company subsequently has closed its research facility based in Plymouth, Michigan, which supported these programs*.

ProNAi reportedly spent $2.8 million in close-out expenses for PNT2258.

### E.    Damages to ProNAi Investors

49.    In response to the adverse results of both Phase 2 clinical trials of PNT2258, the price of ProNAi common stock declined 67.5% from a closing share price of $6.38 per share on June 3, 2016 to close at $2.07 per share on June 6, 2016. ProNAi common stock traded on extremely heavy trading volume on June 6, 2016. Indeed, trading was temporarily halted on the NASDAQ in response to the news.

50.    On November 17, 2016, ProNAi's stock price closed at $1.53 per share, a decline of $15.47, or 91% from the IPO price of $17 per share.

### CLASS ACTION ALLEGATIONS

51.    Plaintiff brings this action as a class action pursuant to Section 382 of the California Code of Civil Procedure on behalf of a class defined as follows:

> All persons or entities who acquired the common stock of ProNAi pursuant or traceable to the false and misleading Registration Statement issued in connection with ProNAi's July 15, 2015 IPO (the "Class").

Excluded from the Class are defendants and their families, the officers, directors and affiliates of the defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

52.    The members of the Class are so numerous that joinder of all members is impracticable. ProNAi common stock is actively traded on the NASDAQ, a developed and global electronic market. Although the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by ProNAi or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily

Ex. A, Page 0027

1    used in securities class actions.

2        53.    Plaintiff's claims are typical of the claims of the members of the Class,

3    as all members of the Class are similarly affected by defendants' wrongful conduct in

4    violation of federal law that is complained of herein.

5        54.    Plaintiff will fairly and adequately protect the interests of the members

6    of the Class and has retained counsel competent and experienced in class and

7    securities litigation, including litigation of 1933 Act claims in this Court.

8        55.    Common questions of law and fact exist as to all members of the Class

9    and predominate over any questions solely affecting individual members of the

10   Class. Among the questions of law and fact common to the Class are:

11              (a)    whether defendants violated the 1933 Act;

12              (b)    whether statements made by defendants to the investing public

13          in connection with the IPO and in the Registration Statement misrepresented

14          material facts about the business, operations and prospects of ProNAi, and

15              (c)    to what extent the members of the Class have sustained damages

16          and the proper measure of damages.

17       56.    A class action is superior to all other available methods for the fair and

18   efficient adjudication of this controversy since joinder of all members is

19   impracticable. Furthermore, as the damages suffered by individual Class members

20   may be relatively small, the expense and burden of individual litigation make it

21   impracticable for members of the Class to individually redress the wrongs done to

22   them. There will be no difficulty in the management of this action as a class action.

23                          **V.    CAUSES OF ACTION**

24                              **Count I**
                  **Violation of Section 11 of the 1933 Act**
25                      **Against All Defendants**

26       57.    Plaintiff incorporates each and every preceding paragraph by reference.

27       58.    This claim is brought pursuant to Section 11 of the 1933 Act, 15 U.S.C.

28   § 77k, on behalf of the Class, against all defendants. This claim does not sound in

                                      14
                      _Complaint; Demand for Jury Trial_

fraud. Plaintiff does not allege that defendants had scienter or fraudulent intent, which are not elements of a Section 11 claim.

59.    The Registration Statement was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary in order to make the statements made not misleading, and omitted to state material facts required to be stated therein.

60.    ProNAi is the registrant for the IPO. Defendants were responsible for the contents and dissemination of the Registration Statement.

61.    As issuer of the Class A common stock, ProNAi is strictly liable to Plaintiff and the Class for any misstatements and omissions.

62.    Each defendant has failed to conduct a reasonable investigation, or lacks reasonable grounds, for the belief that the statements contained in the Registration Statement were true and free of omissions of any material facts and were not misleading.

63.    By reason of the conduct herein alleged, each defendant violated, or controlled a person who violated, Section 11 of the 1933 Act.

64.    Plaintiff acquired ProNAi common stock pursuant or traceable to the Registration Statement.

65.    Plaintiff and the Class have sustained damages. The value of the ProNAi common stock purchased pursuant to the Registration Statement has declined substantially as a result of defendants' violations of the 1993 Act.

66.    At the time of their purchases of ProNAi common stock, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures herein. Less than one year has elapsed from the time when Plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based, to the time when Plaintiff commences this action. Less than three years has elapsed from the time when the shares of ProNai common stock at

15

Complaint; Demand for Jury Trial

1  issue were offered to the public, and the time when Plaintiff commences this action.

2  **Count II**

3  **Violation of Section15 of the 1933 Act**<br>**Against ProNAi and the Individual Defendants**

4      67.    Plaintiff incorporates each and every preceding paragraph by reference.

5      68.    This claim is brought pursuant to Section 15 of the 1933 Act, 15 U.S.C.

6  § 77o, against ProNAi and the Individual Defendants.

7      69.    The Individual Defendants each were control persons of ProNAi by

8  virtue of their voting power over ProNAi or their senior positions with ProNAi. The

9  Individual Defendants each had a series of direct or indirect business or personal

10  relationships with other directors, officers, or major shareholders of ProNAi. ProNAi

11  controlled the Individual Defendants and all its employees.

12      70.    ProNAi and the Individual Defendants were each culpable participants

13  in the violations of Section 11 of the 1933 Act alleged in Count I above, based on

14  their having signed or authorized the signing of the Registration Statement and

15  having otherwise participated in the process that allowed the IPO to be successfully

16  completed.

17  **VI.    PRAYER FOR RELIEF**

18  WHEREFORE, Plaintiff prays for relief and judgment, as follows:

19      A.    Under Section 382 of the California Code of Civil Procedure, certifying

20  this action as a class action, appointing Plaintiff as Class representative, and

21  appointing Plaintiff's counsel as Class counsel;

22      B.    Declaring that defendants have violated the 1933 Act by virtue of the

23  acts described herein;

24      C.    Awarding damages in favor of Plaintiff and the Class against all

25  defendants, jointly and severally, in an amount to be proven at trial, including

26  interest thereon;

27      D.    Awarding Plaintiff and the Class their reasonable costs and expenses

28  incurred in this action, including attorneys' fees and expert fees;

16

Complaint; Demand for Jury Trial

1    E.    Awarding rescission or a rescissory measure of damages; and

2    F.    Granting such equitable, injunctive, or other relief as the Court deems

3    just and proper.

4                          **DEMAND FOR JURY TRIAL**

5    Plaintiff hereby demands a trial by jury.

6    Dated:  February 9, 2017                    Respectfully submitted,

7                                               BOTTINI & BOTTINI, INC.
                                                Francis A. Bottini, Jr. (SBN 175783)
8                                               Albert Y. Chang (SBN 296065)
                                                Yury A. Kolesnikov (SBN 271173)
9

10

11                                             _____
                                                       Albert Y. Chang
12
                                                7817 Ivanhoe Avenue, Suite 102
13                                              La Jolla, California 92037
                                                Telephone:    (858) 914-2001
14                                              Facsimile:    (858) 914-2002
                                                Email:       fbottini@bottinilaw.com
15                                                           achang@bottinilaw.com
                                                             ykolesnikov@bottinilaw.com
16
                                                *Attorneys for Plaintiff*
17

18

19

20

21

22

23

24

25

26

27

28

                                        17
                          Complaint; Demand for Jury Trial

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |
|---|---|
| BOTTINI & BOTTINI, INC.<br>Francis A. Bottini, Jr. (SBN 175783)<br>Albert Y. Chang (SBN 296065)<br>7817 Ivanhoe Avenue, Suite 102, La Jolla, California 92037 | **ENDORSED FILED**<br>**SAN MATEO COUNTY**<br><br>FEB - 9 2017 |

TELEPHONE NO: (858) 914-2001    FAX NO.: (858) 914-2002
ATTORNEY FOR *(Name):* Plaintiff Timothy Gallas

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center, Fourth Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, California 94063-1655
BRANCH NAME: Hall of Justice and Records

Clerk of the Superior Court
By NIMA MOKHTABANI
DEPUTY CLERK

CASE NAME:
Gallas v. ProNAi Therapeutics, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **17 CIV 00595**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09)<br>☐ Insurance coverage (18) | ☐ Mass tort (40)<br>☑ Securities litigation (28) |
| ☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | ☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse condemnation (14) | ☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33)<br>☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13)<br>☐ Fraud (16) | ☐ Commercial (31)<br>☐ Residential (32) | **Miscellaneous Civil Complaint**<br>☐ RICO (27) |
| ☐ Intellectual property (19)<br>☐ Professional negligence (25) | ☐ Drugs (38)<br>**Judicial Review** | ☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35)<br>**Employment** | ☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | ☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

**BY FAX**

Date: February 9, 2017
Albert Y. Chang
*(TYPE OR PRINT NAME)*

▶ *Albert Y Chang*
*(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

*Page 1 of 2*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice—
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach—Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

Ex. A, Page 0033

| Attorney or Party without Attorney (Name/Address):<br>Albert Y. Chang (SBN: 296065)<br>Bottini & Bottini, Inc.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, California 92037<br>Telephone: (858) 914-2001<br>Attorney for Plaintiff | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | **ENDORSED FILED**<br>**SAN MATEO COUNTY**<br><br>FEB - 9 2017<br><br>Clerk of the Superior Court<br>By NIMA MOKHTABANI<br>DEPUTY CLERK |
| Plaintiff<br>Timothy Gallas | |
| Defendants<br>ProNAi Therapeutics, Inc., et al. | |
| **Certificate Re Complex Case Designation** | Case Number<br>**17CIV00595**<br>**BY FAX** |

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.  In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

    ☒ Box 1 – Case type that is best described as being provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

    ☒ Box 2 – Complex due to factors requiring exceptional judicial management

    ☒ Box 5 – Is a class action suit.

2.  This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

CV-59 [Rev. 1/06]                                                    www.sanmateocourt.org

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

This case is provisionally complex as it involves security claims.  In addition,

it is being designated complex due to the large number of parties, the complexity of

factual and/or legal issues and because certification of a putative class will be

pursued.

*(attach additional pages if necessary)*

3.    Based on the above-stated supporting information, there is a reasonable basis for the complex
case designation or counter-designation [or noncomplex case counter-designation] being made
in the attached Civil Case Cover Sheet.

*****

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated:  February 9, 2017

| Albert Y. Chang | *Albert Y. Chang* |
| [Type or Print Name] | [Signature of Party or Attorney For Party] |

Ex. A, Page 0035

## NOTICE OF CASE MANAGEMENT CONFERENCE

_Timothy Gallas ; et al_

Case No: **17CIV00595**

_Pronai Therapeutics, Inc. ; et al_
vs.

Date: _JUN - 9 2017_

**ENDORSED FILED**
**SAN MATEO COUNTY**

FEB - 9 2017

Clerk of the Superior Court
By NIMA MOKHTABANI
DEPUTY CLERK

Time 9:00 a.m.

Dept. _____ —on Tuesday & Thursday
Dept. __21__ —on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above

1.  In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a)  Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7);

    b)  Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in the action.

    c)  File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

    d)  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3.  Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4.  Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5.  If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7.  The Case Management Judge will issue orders at the conclusion of the conference that may include:

    a)  Referring parties to voluntary ADR and setting an ADR completion date;

    b)  Dismissing or severing claims or parties;

    c)  Setting a trial date.

8.  The Case Management Judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| BOTTINI & BOTTINI, INC.<br>Francis A. Bottini, Jr. (SBN 175783)<br>Albert Y. Chang (SBN 296065)<br>7817 Ivanhoe Avenue, Suite 102, La Jolla, California 92037<br>TELEPHONE NO.: (858) 914-2001   FAX NO.: (858) 914-2002<br>ATTORNEY FOR *(Name)*: Plaintiff Timothy Gallas | **FILED**<br>**SAN MATEO COUNTY**<br>FEB – 9 2017<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center, Fourth Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, California 94063-1655
BRANCH NAME: Hall of Justice and Records

CASE NAME:
Gallas v. ProNAi Therapeutics, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>17CIV00595 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☑ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☑ Large number of separately represented parties
  b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☑ Substantial amount of documentary evidence
  d. ☑ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 2
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

**BY FAX**

Date: February 9, 2017
Albert Y. Chang
_____
(TYPE OR PRINT NAME)         ▶  /s/ Albert Y. Chang
                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

| Attorney or Party without Attorney (Name/Address): Albert Y. Chang (SBN: 296065) Bottini & Bottini, Inc. 7817 Ivanhoe Avenue, Suite 102 La Jolla, California 92037 Telephone: (858) 914-2001 Attorney for Plaintiff | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN MATEO 400 COUNTY CENTER REDWOOD CITY, CA 94063 | **FILED** SAN MATEO COUNTY FEB - 9 2017 Clerk of the Superior Court By_____ DEPUTY CLERK |
| Plaintiff Timothy Gallas | |
| Defendants ProNAi Therapeutics, Inc., et al. | |
| **Certificate Re Complex Case Designation** | Case Number 17CIV00595 |



## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.  In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

    ☒ Box 1 – Case type that is best described as being provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

    ☒ Box 2 – Complex due to factors requiring exceptional judicial management

    ☒ Box 5 – Is a class action suit.

2.  This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

Ex. A, Page 0038

pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision]:

This case is provisionally complex as it involves security claims. In addition,

it is being designated complex due to the large number of parties, the complexity of

factual and/or legal issues and because certification of a putative class will be

pursued.

*(attach additional pages if necessary)*

3. Based on the above-stated supporting information, there is a reasonable basis for the complex case designation or counter-designation [or noncomplex case counter-designation] being made in the attached Civil Case Cover Sheet.

\*\*\*\*\*

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct and that I make this certification subject to the applicable provisions of California Code of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated:  February 9, 2017

Albert Y. Chang
[Type or Print Name]

*Albert Y. Chang*
[Signature of Party or Attorney For Party]

Ex. A, Page 0039

# NOTICE OF CASE MANAGEMENT CONFERENCE

Timothy Gittos ; et al      Case No: 17CIV00595

vs.

Pronia Therapeutics Inc 1 et al      Date: 6/9/17

**FILED**
**SAN MATEO COUNTY**
FEB - 9 2017

Time 9:00 a.m.

Dept. ___ —on Tuesday & Thursday

Dept. 21 —on Wednesday & Friday

Clerk of the Superior Court
(by deputy)

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

1. 
 a) Serve all named defendants and file the proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

 b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in the action.

 c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

 d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does," "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management Judge will issue orders at the conclusion of the conference that may include:
 a) Referring parties to voluntary ADR and setting an ADR completion date;
 b) Dismissing or severing claims or parties;
 c) Setting a trial date.

8. The Case Management Judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

Ex. A, Page 0040

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Francis A. Bottini, Jr. (SBN: 175783)
BOTTINI & BOTTINI, INC.
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
TELEPHONE NO.: 858/914-2001      FAX NO. *(Optional):* 858/914-2002
E-MAIL ADDRESS *(Optional):* fbottini@bottinilaw.com
ATTORNEY FOR *(Name):* Plaintiff, Timothy Gallas

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063-1655
BRANCH NAME: Hall of Justice and Records

PLAINTIFF/PETITIONER: Timothy Gallas

DEFENDANT/RESPONDENT: ProNAi Therapeutics, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>17CIV00595 |
|---|---|

TO *(insert name of party being served):* ProNAi Therapeutics, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 28, 2017

Stephanie M. Ammirati
(TYPE OR PRINT NAME)                      ▷ _____
                                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Civil Case Cover Sheet, Certificate Re Complex Case Designation, Notice of Case Management Conference, ADR Information Sheet, ADR Stipulation form & Evaluation Instructions, Case Management Statement form, FAQs re: jury fees, and San Mateo Super. Ct. Div. II Local Rules as amended effective 1/1/15.

*(To be completed by recipient):*

Date this form is signed:

Peter A. Stokes for ProNAi Therapeutics, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)       ▷ _____
                                              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|